UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Renecia M. Stanley, | Case No.  3:26-cv-0675 |
| Plaintiff | |
| v. | MEMORANDUM OPINION AND ORDER |
| United States District Court of Northern Ohio, | |
| Defendant. | |

## BACKGROUND AND HISTORY

*Pro se* Plaintiff Reneccia M. Stanley filed this action against the "United States District Court Northern Ohio."  The Complaint, however, has nothing to do with this Court at all, and in fact, is entirely incomprehensible.  It is composed solely of random (and often racially offensive) statements with no coherent narrative, no legal claims, and no prayer for relief.  She filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2), which the Court will grant.  For the reasons set forth below, this action is dismissed.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  A claim

lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, I must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### ANALYSIS

As an initial matter, Federal Civil Procedure Rule 8 requires a Plaintiff to submit a short, plain and concise statement of his or her claims and relief. To meet the minimum notice pleading requirements of Rule 8, the Complaint must give the Defendants fair notice of what the Plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). This Complaint does not contain a coherent statement of fact, an identifiable Defendant that is the subject of those facts, a suggestion of the legal claims she intends to assert, or the relief she requests. Her Complaint fails to meet the minimum pleading requirements of Rule 8. *Iqbal*, 556 U.S. at 678.

**CONCLUSION**

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude they fail to state a claim upon which relief may be granted.  Therefore, this action is dismissed pursuant to 28 U.S.C. § 1915(e).  I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.  This case is closed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge